IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDA BAILEY ) | |
|     Plaintiff, ) | |
| vs. ) | No.  3:12-CV-3962-N-BH |
| ) | |
| TERRELL ISD, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening.  Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

The plaintiff filed this action against her former employer and moved to proceed *in forma pauperis* (IFP) on October 2, 2012.  After granting her leave to proceed IFP, the Court sent her a questionnaire (MJQ) on October 5, 2012, to obtain more information about her claims.  (*See* doc. 9.)  The questionnaire specifically advised the plaintiff that her answers to the questions were due within twenty days, and that a failure to file answers could result in the dismissal of her case.  *Id.*  On October 11, 2012, the plaintiff filed her response to the MJQ but did not answer all of the questions.  (*See* doc. 10.)  On October 12, 2012, she was sent a second MJQ that specifically noted that she had failed to answer all of the questions in the first MJQ.  (*See* doc. 11.)   The second MJQ contained the unanswered questions from the first MJQ as well as questions about the answers that she did provide.  *Id.*  The questionnaire specifically warned the plaintiff that she must answer all of the questions, that her answers to the questions were due within fourteen days, and that a failure to file answers could result in the dismissal of her case.  *Id.*  More than fourteen days from the date of the second MJQ have passed, but the plaintiff has not filed her


answers or else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with the October 12, 2012 order that she submit complete answers to the second questionnaire within fourteen days despite a warning that failure to do so could result in dismissal of the case.  She has not filed anything else in the case.  Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits her complete and verified answers to the magistrate judge's questionnaire within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 31st day of October, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                   _____
                   IRMA CARRILLO RAMIREZ
                   UNITED STATES MAGISTRATE JUDGE