IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA BAILEY | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No.  3:12-CV-3962-N-BH |
| | ) | |
| TERRELL ISD, | ) | |
|     Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Special Order 3-251*, before the Court is the plaintiff's request to reopen her case, filed December 14, 2012 (doc. 15).  Based on the relevant filings and applicable law, the motion should be **GRANTED** .

**I.  BACKGROUND**

The plaintiff filed this action against her former employer for alleged discrimination and moved to proceed *in forma pauperis* (IFP) on October 2, 2012.  After granting her leave to proceed IFP, the Court sent her a questionnaire (MJQ) on October 5, 2012, to obtain more information about her claims.  (*See* doc. 9.)  On October 11, 2012, the plaintiff filed her response to the MJQ but did not answer most of the questions.  (*See* doc. 10.)  On October 12, 2012, she was sent a second MJQ that specifically noted her failure to answer all of the questions in the first MJQ.  (*See* doc. 11.)   The second MJQ contained the unanswered questions from the first MJQ as well as questions about the answers that she did provide.  *Id.*  The questionnaire specifically warned the plaintiff that she must answer all of the questions, that her answers to the questions were due within fourteen days, and that a failure to file answers could result in the dismissal of her case.  *Id.*  The plaintiff did not timely file her answers or anything else.

On October 31, 2012, it was recommended that the case be dismissed for failure to prosecute or follow court orders under Fed. R. Civ. P. 41(b) unless the plaintiff submitted her

complete and verified answers within the fourteen-day period for objecting to the recommendation, or some other deadline set by the court. The plaintiff did not file her answers to the MJQ, objections to the recommendation,, or anything else. On December 3, 2012, the recommendation was accepted, and the case was dismissed without prejudice for failure to prosecute or follow court orders.

On December 14, 2012, the plaintiff filed a one-sentence request that states, "I'm Linda Bailey [sic] like to reopen my case on docket number -3962-N-BH."

### III. RULE 60(b)

The plaintiff's request to reopen her case may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dept. of Criminal Justice, Institutional Div.* 79 Fed.Appx. 61, 62, (5th Cir.2003) (construing prisoner's motion to reopen § 1983 civil rights action that had been dismissed under Rule 41(b) as arising under Rule 60(b)) (citing *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir.1998)).

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

Here, the plaintiff's one-sentence request provides no basis for relief under Rule 60(b). It does not allege mistake, inadvertence, excusable neglect, lack of notice, or any other reason that

justifies relief.  She has not explained her failure to answer the questionnaire, and she has still not provided her answers or even indicated that she intends to file her answers.  She has not alleged, much less shown, exceptional or extraordinary circumstances such that denial of the Rule 60(b) motion would be "so unwarranted as to constitute an abuse of discretion."  *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions); *see also Vinzant v. Kenndy*, 242 Fed. App'x 134, (5th Cir. 2007) (affirming denial of Rule 60(b) motion seeking relief from Rule 41(b) judgment despite the plaintiff's allegations of negligence).

  Nevertheless, where a Rule 41(b) dismissal without prejudice will arguably prevent the plaintiff from raising the dismissed claims again because of limitations, it operates as a dismissal with prejudice.  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  In *Berry*, the Fifth Circuit noted that the timely filing of an employment discrimination suit that was later dismissed without prejudice for failure to prosecute did not toll the 90-day limitations period for filing suit, and that the plaintiff was barred from filing a second suit against his employer.  *Id.*  The dismissal of the plaintiff's employment discrimination claims without prejudice therefore operated, and would be treated, as a dismissal with prejudice.  *Id.*  Generally, dismissals with prejudice are affirmed "only when (1) there is a clear record of delay [(significant periods of total inactivity)] or contumacious conduct by the plaintiff,...(2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile," and "[(3)] at least one of three aggravating factors: '[(i) delay caused by [the] plaintiff himself and not his attorney; [(ii)] actual prejudice to the defendant; or [(iii)] delay caused by

3

intentional conduct.'" *Id.* (citations omitted)

As in *Berry,* the 90-day period for filing suit in this employment discrimination action appears to have expired, and any second lawsuit will be time-barred. (*See* doc. 3 at 11 (notice of right to sue dated 9/24/2012.) The dismissal of her claims for failure to prosecute or follow court orders therefore operates as a dismissal with prejudice. The plaintiff has twice failed to provide full and complete answers to the questionnaires that seek more information about her claims. Her failure to provide this information has impeded the Court's ability to conduct the judicial screening required by 28 U.S.C. § 1915(e)(2) of this pro se *in forma pauperis* lawsuit. The plaintiff has not attempted to explain her failures, and she has still not provided her answers despite the passage of more than two months since the second set of answers was due. Her unexplained and repeated failures to comply with court orders could be construed as contumacious conduct. *See Millan v. USAA General Indemnity Company,* 546 F.3d 321, 327 (5th Cir.2008) ("A clear record of contumacious conduct exists when the plaintiff has deliberately exhibited a 'stubborn resistance to authority.'") (quoting *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir.1988). Lesser sanctions have not yet been employed in this case, however. Accordingly, the motion to reopen should be granted.

## IV. RECOMMENDATION

The plaintiff's request to reopen her case should be **GRANTED.** The plaintiff should be expressly warned, however, that her lawsuit will be subject to dismissal *with prejudice* if she does not file full and complete answers to the copy of the second magistrate judge's questionnaire attached to this recommendation within the 14-day period for filing objections to it, or by some other deadline set by the Court.

**SO RECOMMENDED** on this 28th day of December, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE