IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINDA BAILEY )<br>      Plaintiff, )<br>vs. )<br> )<br>TERRELL ISD, )<br>      Defendant. ) | No. 3:12-CV-3962-N-BH<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this action has been referred for pretrial management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** under 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

On October 2, 2012, Linda Bailey (Plaintiff) sued her previous employer, the Terrell Independent School District (Defendant). She asserts that her medical records were disclosed by her physician to Defendant without her permission in March of 2011, and that it discharged her on October 3, 2011, in violation of the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964 (Title VII). (Compl. at 9, 26; Second Magistrate Judge's Questionnaire Answer "2nd MJQ Ans." 1, 2, 6, 7). She seeks monetary damages. (1st MJQ Ans. 5).

### II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis* (see doc. 7), her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

### III. HIPAA CLAIM

Plaintiff first asserts that the defendant violated the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164.512(e), because her medical information was disclosed to it without her permission. (2nd MJQ Ans. 2). First, it appears that it was Plaintiff's doctor, not Defendant, who improperly disclosed her medical information without her permission. (Compl. at 3-8, 16-17). Second, while HIPAA generally requires confidentiality of medical records, and provides both civil and criminal penalties for improper disclosures of medical information, there is no express or implied private cause of action under HIPAA, and therefore no federal subject matter jurisdiction over any HIPAA claims. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (per curiam); *accord Robert v. Unitrin Specialty Lines Ins. Co.*, 405 Fed. App'x 874, 882 (5th Cir. 2010). Plaintiff's HIPAA claim should therefore be dismissed for lack of subject matter jurisdiction.

### IV. TITLE VII AND ADA CLAIMS

Plaintiff next asserts that Defendant fired her from her job in violation of the ADA and Title VII based on her disability and in retaliation for prior complaints that Defendant had violated Title VII and the ADA. (2nd MJQ Ans 1, 6, 7). She also asserts that when she was discharged, she did nor receive the correct amount of credit towards her retirement. (1st MJQ Ans. 5). The ADA

prohibits a covered entity from discriminating against a qualified individual with a disability because of that disability. 42 U.S.C. § 12112(a). Title VII prohibits, in relevant part, "discrimination against employees who have opposed an unlawful employment practice, or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment practices statute." *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 162 (5th Cir. 2008) (per curiam) (citing 42 U.S.C. § 2000e-3(a)). Before an individual can pursue a Title VII or ADA claim in federal court, she must exhaust her available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). If the individual files a charge with the EEOC, the scope of her subsequent judicial complaint is limited to the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *See Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). This reasonable expectation rule requires that the allegations in a subsequent judicial complaint be "like or related to" allegations made in the EEOC charge. *See Vuyanich v. Republic Nat'l Bank of Dallas*, 723 F.2d 1195, 1201 (5th Cir. 1984).

The complainant must file the charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n. 1 (2002). In a "deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act. *Martin v. Lennox Int'l Inc.*, 342 Fed. App'x 15, 18 (5th Cir.2009) (per curiam). If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within 90 days of the receipt of the letter. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)). Timely filing of an EEOC complaint is not a jurisdictional requirement;

the limitations period is subject to estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). However, a plaintiff who does not file a charge within 300 days bears the burden of showing a factual basis for tolling the limitations period. *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir.1988). Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998).

On September 24, 2012, Plaintiff filed her EEOC claim asserting violations of Title VII and the ADA with respect to her termination on October 3, 2011. (Compl. at 9). The EEOC determined that the complaint was untimely, as it was filed more than 300 days after the alleged unlawful practice. (Compl. at 11). Plaintiff contends that she initially went to the EEOC in April of 2011, when she received a letter from her doctor, and she was told by someone there that the letter was acceptable because she was on family medical leave. She then filed a complaint with the Department of Health and Human Services (HHS) regarding the release of her medical information.

Plaintiff received a letter from HHS on August 8, 2012, informing her that there had been a violation of HIPAA, and she went to the EEOC on September 17, 2012, and again on September 28, 2012, to file a complaint that the defendant had violated the ADA and Title VII in firing her. (1st MJQ, Ans. 4). Plaintiff later clarified that she had gone to the EEOC to complain about the disclosure of her medical records on March 16, 2011. (2nd MJQ Ans 4). Plaintiff also states that she filed complaints with the EEOC against Defendant on the following dates: 1/28/08 (gender discrimination); 4/17/09 (retaliation); 3/16/11 (retaliation); 8/22/11; and 9/24/12 (disability discrimination). (2nd MJQ Ans. 4). She concedes that there was "no charge taken" on August 22, 2011. (*See* doc. 18). According to Plaintiff, her EEOC visits that predated her termination concerned other instances or types of discrimination or related to the HIPPA violation. Her only

4

visits after her termination occurred well over 300 days after her termination.

The Fifth Circuit has recognized that equitable tolling may be warranted where a suit between the same parties is pending, where the plaintiff is unaware of the facts giving rise to the claim, or where the EEOC misled the plaintiff about the nature of her rights. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir 1995). Plaintiff has presented no facts to show that any these is applicable in this case. She has not identified any suit between the same parties that was pending. Plaintiff was aware of the facts to support her claim of a discrimination as of her October 3, 2011 discharge, and by her own admission, she did not file a complaint with the EEOC or any other agency either orally or in writing until September of 2012. Plaintiff has not stated any facts to support a plausible claim that she is entitled to equitable tolling. Her Title VII and ADA claims are therefore time-barred and should be dismissed.

## V.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** under 28 U.S.C. § 1915(e)(2).

**SIGNED this 18th day of February, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE